UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Yeferson Gonzalez Contreras,

        Petitioner,

v.

Samuel L. Olson, Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; Kristi Noem, in her official capacity as Secretary of the U.S. Department of Homeland Security; Todd Lyons, in his official capacity as acting director of U.S. Immigration and Customs Enforcement; Pam Bondi, in her official capacity as Attorney General of the United States; Joel Brott, Sherburne County Jail Sheriff,

        Respondents.

ORDER GRANTING WRIT OF
HABEAS CORPUS
Civil File No. 25-04325 (MJD/LIB)

Gloria Contreras Edin, Evan Grant Brown, Contreras Edin Law, PA, Counsel for Petitioner.

Anna H. Voss, Friedrich A. P. Siekert, Assistant United States Attorneys for Respondents Samuel L. Olson, Kristi Noem, Todd Lyons, and Pam Bondi.

## I.    INTRODUCTION

Petitioner Yeferson Gonzalez Contreras has filed a Motion for Habeas Corpus with the Court. (Doc. 1.) The instant matter is before the Court on

1

Petitioner's First Motion for a Temporary Restraining Order ("TRO"). (Doc. 2.) The Court held a hearing on the motion on November 19, 2025. The parties met and conferred after the hearing and reported back to the Court on November 21, 2025.

## II. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Respondents shall not move Petitioner out of the District of Minnesota until resolution of the pending habeas matter before this Court;

2. As soon as practicable after entry of this Order, Petitioner's counsel shall file in the Board of Immigration Appeals (BIA) a notice or other filing that Petitioner has no opposition to Respondents' Motion to Remand filed in the BIA and request that the BIA expedite the remand order;

3. As soon as practicable after entry of this Order, Petitioner's counsel shall file in the Immigration Court a request for another custody redetermination on behalf of Petitioner. Petitioner's counsel shall cooperate and coordinate with the Office of the Principal Legal

Advisor, Minneapolis/St. Paul, U.S. Immigration and Customs Enforcement (ICE/OPLA), to schedule that custody redetermination hearing as soon as mutually practicable. The scheduling and conducting of the custody redetermination shall be done in accordance with the usual rules and procedures of the Immigration Court;

4. As soon as practicable after the Immigration Court issues its written decision on the custody redetermination, counsel for both parties are directed to meet and confer about appropriate next steps for this case and to file a joint report and proposed order to the Court outlining what further action needs to be taken and recommending a schedule for any further proceedings;

5. Upon receipt of the report and proposed Order, the Court will hold a status conference if necessary and appropriate and will issue an appropriate order governing these proceedings;

6. Petitioner's First Motion for a Temporary Restraining Order **[Doc. 2]** is **GRANTED in part and DENIED in part** pursuant to this Order;

7. The Court shall retain jurisdiction over the TRO motion pursuant to the procedures outlined above; and

8. The underlying habeas petition shall be held in abeyance pursuant to the procedures outlined above.

Dated: November 21, 2025                               s/Michael J. Davis
                                                      Michael J. Davis
                                                      United States District Court